UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLY LYNN BERRY,

        Plaintiff,　　　　　　　　　　　　Civil Action No. 21-12524
vs.　　　　　　　　　　　　　　　　　　HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION & ORDER
(1) OVERRULING DEFENDANT'S OBJECTION (Dkt. 19); (2) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (R&R) (Dkt. 17); (3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 10); (4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 12); AND (5) REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff Holly Lynn Berry seeks judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits under the Social Security Act. Berry and the Commissioner filed cross-motions for summary judgment (Dkts. 10, 12). The magistrate judge issued an R&R recommending that the Court grant Plaintiff's motion, deny the Commissioner's motion, and remand this case for further proceedings consistent with this recommendation (Dkt. 17). The Commissioner filed one objection to the R&R (Dkt. 19), and Berry did not file a response to that objection. For the reasons that follow, the Court overrules the Commissioner's objection and adopts the recommendation contained in the R&R.

### I. BACKGROUND

In her application, Berry alleged disability beginning October 31, 2017. R&R at 2. Administrative law judge (ALJ) Colleen M. Mamelka, engaging in the five-step disability analysis, found at step one that Berry had not engaged in substantial gainful employment since the alleged

onset date. Id. at 5. At step two, the ALJ found that Berry had the following severe impairments: "(1) cervical and lumbar spine degenerative disc disease status-post laminectomy; (2) lumbar spine radiculopathy with stenosis and spondylolisthesis status-post fusion; (3) alcoholic hepatitis; (4) alcohol abuse; (5) depressive disorder; (6) anxiety disorder; (7) and post-traumatic stress disorder (PTSD)." Id. (citing Admin. Tr. at 78–79 (Dkt. 8)). The ALJ also determined that Berry had the following non-severe impairments: "(1) COPD/emphysema, (2) pansinusitis, (3) cannabis use, and (4) bursitis." Id. (citing Tr. at 79). At step three, the ALJ found that Berry did not have a condition that met or medically equaled one of the listings in the regulations. Id. (citing Tr. at 79). The ALJ found that Berry had a residual functional capacity (RFC) to perform light work with some additional limitations. Id. at 5–6 (citing Tr. at 80–81). At step four, the ALJ determined that Berry was unable to perform any past relevant work. Id. at 6 (citing Tr. at 86). At step five, the ALJ determined that Berry was not disabled because she could perform jobs that exist in significant numbers in the national economy, including marker, router, and collator. Id. (citing Tr. at 87).

Berry appealed the decision based on the ALJ's alleged failure to consider the entire record when determining whether Berry was disabled. Id. at 3. After considering the parties' arguments, the magistrate judge concluded that the ALJ's decision to discount Berry's subjective complaints of pain warrants remand. Id. at 7.

The magistrate judge explained that "'[l]imitations involving generalized pain may be severe enough to constitute disability.'" Id. at 8 (quoting Masters v. Comm'r of Soc. Sec., 707 F. App'x 374, 379 (6th Cir. 2017)) (punctuation modified). "[G]eneralized pain caused by a long history of severe and persistent back pain can result in disability." Id. (citing King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984)). The magistrate judge explained that where a disability claim is based on pain, the ALJ first must determine whether "'an underlying medically determinable

physical impairment [] could reasonably be expected to produce" the pain, and, if so, the ALJ must "'evaluat[e] the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.'" Id. (quoting Wilson v. Comm'r of Soc. Sec., 783 F. App'x 489, 502 (6th Cir. 2019)).

While the ALJ is tasked with evaluating witness credibility, credibility determinations must still be supported by substantial evidence. Id. at 9 (citing Wilson, 783 F. App'x at 502). "Given the nature of spine disorders that compromise nerve roots or the spinal cord, 'where subjective pain complaints play an important role in the diagnosis and treatment of the condition, providing justification for discounting a claimant's statements is particularly important.'" Id. (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 248 (6th Cir. 2007)).

The magistrate judge explained that because the ALJ recognized that Berry had physical impairments that could cause pain, the issue on review "is whether substantial evidence supports the ALJ discounting Berry's statements about the intensity, persistence, and limiting effect of her symptoms." Id. at 16–17 (citing Wilson, 783 F. App'x at 489). The magistrate judge thoroughly canvassed Berry's "long and well documented history of pain caused by lower back musculoskeletal pathologies" in the R&R, see id. at 10–16, before determining that substantial evidence did not support the decision to discount Berry's subjective complaints.

## II. ANALYSIS

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (punctuation modified). "Substantial evidence is such

3

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (punctuation modified). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the ALJ." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

The Commissioner does not object to the magistrate judge's conclusion that the ALJ's assessment of Berry's subjective complaints was not supported by substantial evidence; nor does the Commissioner object to the magistrate judge's recommendation that this case should be remanded for further proceedings. Obj. at 1. Rather, the Commissioner objects only to one specific statement within the R&R.

The Commissioner made an argument on appeal suggesting that because the ALJ found greater limitations than the state agency consultant did, this case should be decided as a matter of law in the Commissioner's favor. R&R at 26. The magistrate judge agreed with the general proposition that "when the ALJ's decision agrees with and goes further than the state agency, it is more likely"—though not necessarily—"to be supported by substantial evidence." Id. at 29. The magistrate judge ultimately, however, rejected the Commissioner's argument that the agency's decision should be upheld here simply because the ALJ found greater limitations than the state agency consultant did. The magistrate judge provided three reasons for rejecting that argument: (i) the decision to discredit Berry's subjective complaints was flawed, and, therefore, the RFC could not be supported by substantial evidence; (ii) the state agency's determination occurred less than a year after Berry's first surgery and more than a year before the ALJ proceedings—so, given

4

Berry's undisputed but temporary improvement after surgery, the state agency's determination was based on old information; and (iii) the Commissioner's argument was inconsistent with the Court's obligation to review the entire record and determine whether the ALJ's conclusions were supported by substantial evidence. Id. at 26–29.

In discussing the second point above, the magistrate judge made a statement that "the agency's own regulations regard this evidence as neither inherently valuable [n]or persuasive," because "a determination of a claimant's capacity to perform work is not a medical opinion, but a legal conclusion reserved for the Commissioner." Id. at 28 (citing 20 C.F.R. § 404.1520b(c)(3)(v); Amir v. Comm'r of Soc. Sec., 705 F. App'x 443, 448 (6th Cir. 2017)).

It is this discrete statement to which the Commissioner objects. Specifically, the Commissioner argues that the magistrate judge misread the relevant regulations and "incorrectly concluded" that "the prior administrative medical findings were inherently neither valuable nor persuasive." Obj. at 6. But the Court has no need to address an objection to one statement contained within the magistrate judge's reasoning regarding this one argument. Finding for the Commissioner on this point would not alter the magistrate judge's conclusion that the state agency determination was based on old information. The magistrate judge's reasoning provides multiple other grounds upon which this Court can uphold that conclusion, as well as the ultimate conclusion that the ALJ's decision to discount Berry's subjective complaints was not supported by substantial evidence. See Swanson v. Colvin, No. 12-cv-645S, 2013 WL 5676028, at *6 (W.D.N.Y. Oct. 17, 2023) ("Because the Court already has concluded there is a basis for ordering remand, there is no need to address other alleged errors."). This Court's decision adopts the recommendation for a

remand, but it does not necessarily endorse every statement of law contained in the R&R.

### III. CONCLUSION

For the foregoing reasons, the Court overrules Defendant's objection (Dkt. 19), adopts the recommendation contained in the magistrate judge's R&R (Dkt. 17), grants Plaintiff's motion for summary judgment (Dkt. 10), denies Defendant's motion for summary judgment (Dkt. 12), and remands this case for further proceedings consistent with the R&R.

SO ORDERED.

Dated: March 30, 2023  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge